IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BORIS ARGO BARRY, | CV-21-0079-BU-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| ALICIA BRAGG, JASON FREDENBERG, BLAIN I. HEAVNER, MATTHEW WILSON, ANDREW NOVAK, and BENJAMIN PANAS, | |
| Defendants. | |

Plaintiff Boris Argo Barry[1] has filed a Motion to Proceed in Forma Pauperis and a proposed Complaint. (Docs. 1 and 2). The motion will be granted. The Court has further determined that the appropriate course of action is to stay this matter pending the outcome of Barry's criminal proceedings, as described below.

## I. STATEMENT OF THE CASE

### A.  Parties

Barry is a state prisoner and pretrial detainee incarcerated at Butte-Silver Bow County Detention Facility. He is proceeding without counsel. He names the

---

[1] On the Plaintiff line on the form Complaint, Breanna Hemphill appears alongside Boris Barry's name. However, Barry signed the Complaint and the Motion to Proceed in Forma Pauperis, and the claims are described from the perspective of Barry. Though Hemphill is mentioned in the allegations of the Complaint, the Court interprets this Complaint as stating the claims of Barry only.

1

following Defendants: Alicia Bragg, Jason Fredenberg, Blain I. Heavner, Matthew Wilson, Andrew Novak, and Benjamin Panas, all of whom are Montana State Highway Patrol employees. (Doc. 2 at 2 - 3.)

### B. Allegations

Barry alleges that on March 9, 2021[2], Defendants violated his rights under several sections of Montana statutory and constitutional law. (Doc. 2 at 13.) The allegations all relate to events surrounding a traffic stop that resulted in the arrest of Barry's wife on traffic warrants. After her arrest, the defendants obtained a search warrant for the vehicle, during which they allegedly found evidence of drug trafficking, which resulted in the revocation of plaintiff's probation. In Barry's view, these actions amounted to violations of Mont. Code Ann. §§ 49-1-102, 45-7-207, 45-7-401, and 45-8-212, as well as Art. II, § 2, Mont. Const.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Barry's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Docs. 1 and 4.) The Court will grant the request to proceed in forma pauperis but since Barry is a prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will waive the initial partial filing fee required under 28

---

[2] Barry alleges with precision 2:42 a.m. but states both March 9 and March 19, 2021. CF. Doc. 2 at 4 and at 5. The difference is immaterial for the purposes of this order.

U.S.C. § 1915(b)(1) because Barry submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Barry may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Barry must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.*

By separate order, the Court will direct the facility where Barry is currently incarcerated to forward payments from Barry's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Barry is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**A. Analysis**

Jurisdiction in this Court under 42 U.S.C. § 1983 provides a cause of action for a vindication of the violation of federal laws or constitutional rights by state actors. It is not a mechanism to remedy state law violations. *See Galen v. Cty. of*

*Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). Here, Barry has solely alleged violations of Montana state law. Therefore, based on the way he has construed his claims, he fails to state a claim upon which relief can be granted by this Court.

However, when a violation of state law is also a violation of a federal constitutional right, § 1983 does provide a cause of action. *See Lovell by & through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007). The facts alleged regarding probable cause and the search of Plaintiff's vehicle may give rise to a Fourth Amendment violation. Though he construes his claim as a violation of the Montana state constitution, it also, potentially, could be a violation of the U.S. Constitution.

As his remedy, Barry seeks to have his state criminal charges dropped, as they result from what he considers a prosecution based on an illegal search. However, there is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*,

125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* appear to be present. First, Barry's allegations suggest there are ongoing criminal proceedings against him. State proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Barry will have an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Barry has opportunities under Montana law to address the alleged violations of his federal rights relative to his prosecution.

*Younger* principles apply and a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated." *Gilbertson*, 381 F.3d at 984. But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether Barry's constitutional

rights were or are being violated would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised by Barry in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Barry's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Barry has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of

the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

The Court concludes that abstention is proper regarding any potential Fourth Amendment claim that Barry might have. That claim will be stayed. Barry fails to state federal claims regarding his various alleged violations of the Montana Code, but the Court will withhold consideration at this point of whether those claims may be brought under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

### III.  CONCLUSION

For the foregoing reasons, the Court enters the following:

### ORDER

1. Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 1.) is GRANTED. The Clerk of Court is directed to file the lodged Complaint.

2. This matter is STAYED pending the outcome of Barry's state criminal proceeding. The Clerk of Court is directed to administratively close it. Barry is directed to file a report on the status of his state court case every six months until such time as it has been resolved, including any direct appeals.  Barry is advised that if he desires to continue this matter after disposition of the state court cases, he must request the stay be lifted and the case be reopened within thirty days of completion of the appellate process.

3. If Barry fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action for failure to comply with any order of the court).

4. At all times during the pendency of this action, Barry must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 8th day of November, 2021.

_____
John Johnston
United States Magistrate Judge